```
Kyle T. Cutts (257641)
kcutts@bakerlaw.com
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Tel: 216-621-0200
Fax: 216-696-0740

Thomas D. Warren (160921)
twarren@bakerlaw.com
BAKER & HOSTETLER LLP
11601 Wilshire Blvd.
Los Angeles, CA 90025
Tel: 310-442-8804
Fax: 310-820-8859
```

*Attorneys for Defendant*
SYNAPSE GROUP, INC., and
SYNAPSECONNECT, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHIE CRUZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SYNAPSE GROUP, INC., a Delaware corporation; SYNAPSECONNECT, INC., a Delaware corporation,<br><br>Defendants. | CASE NO. **'18CV1775 L    BGS**<br><br>**NOTICE OF REMOVAL OF ACTION**<br>**(28 U.S.C. §§ 1332, 1441, 1446, 1453)** |

To the plaintiff, her attorney, and the Court:

Please take notice that the defendants, Synapse Group, Inc. and SynapseConnect, Inc., remove this action from the Superior Court of the State of California for the County of San Diego, where it is now pending, to the United States District Court for the Southern District of California. The defendants

remove this case based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.  The Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332 and 1453.

**BACKGROUND**

1. On or about June 28, 2018, plaintiff Cathie Cruz filed a complaint ("Complaint") in Superior Court in San Diego, entitled *Cruz v. Synapse Group, Inc.*, Case No. 37-2018-00032240-CU-MC-CTL.

2. The Complaint, styled as a class action, alleges false advertising, violation of California's Consumer Legal Remedies Act, and violations of California's Unfair Competition law.  (Compl. ¶¶ 41-66.)  Cruz bases her claims on Defendants' alleged violation of California's Automatic Renewal Law, California Business & Professions Code § 17600 *et seq*.  (*Id*. ¶¶ 14-27.)

3. Cruz served Defendant Synapse Group, Inc. with the summons and Complaint on July 6, 2018.  A copy of the proof of service is attached as <u>Exhibit A</u>.

4. Cruz served Defendant SynapseConnect, Inc. with the summons and Complaint on July 2, 2018.  A copy of the proof of service is attached as <u>Exhibit B</u>.

5. A copy of all other documents included on the state-court docket is attached as <u>Exhibit C</u>.

6. This Notice of Removal is timely because the defendants filed it within thirty days of service of the summons and Complaint.  *See* 28 U.S.C. § 1446(b).

7. The defendants will serve Cruz, through counsel, with this Notice of Removal and all documents filed in support as required under 28 U.S.C. § 1446(d).

8. Removal to this district is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because the state court action was filed in this district.

9. The defendants will contemporaneously file a copy of this notice and related documents with the clerk of the Superior Court under 28 U.S.C. § 1446(d).

## REMOVAL BASED ON CAFA JURISDICTION

10. Under CAFA, a district court shall have original jurisdiction over a putative class action in which: (1) the members of the proposed plaintiff class exceed 100; (2) the matter in controversy exceeds $5 million, and (3) any member of the putative class is the citizen of a state different from any defendant. 28 U.S.C. §§ 1332(d)(2) & (d)(5). This Court has original jurisdiction because Cruz and the defendants are citizens of different states, the putative class exceeds one hundred members, and the amount of controversy exceeds $5 million. 28 U.S.C. § 1332(d). As the Court has original jurisdiction, the defendants may remove the case to federal court. 28 U.S.C. § 1441(a).

11. This notice need only include "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014).

12. Cruz alleges that she resides in San Diego County. (Compl. ¶ 9.)

13. At all relevant times, the defendants were and are corporations organized and existing under the laws of Delaware. (*See* Declaration of Eileen Peacock ("Peacock Dec." ¶2.)

14. Synapse's principal place of business at all relevant times was and is Connecticut. Synapse's worldwide headquarters and executive offices are located at 225 High Ridge Road, East Building, Stamford, Connecticut 06905. (*Id.* ¶ 3.)

15. Diversity of citizenship exists between Cruz and the defendants.

16. Cruz alleges that the putative class "consists of thousands of individuals." (Compl. ¶ 38.)

17. The amount in controversy exceeds $5 million. Cruz seeks injunctive relief with respect to Synapse's marketing of its magazine subscriptions (*see, e.g.*, Compl. ¶¶ 65(a)-(g) & Prayer for Relief ¶¶ 1-3), as well as attorneys' fees and costs (Compl. Prayer for Relief ¶¶ 4-5.)

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

18. Complying with Cruz's request for injunctive relief would cost Synapse more than $5 million because injunctive relief would (1) interrupt Synapse's business in California, resulting in lost income and profits, (2) require Synapse to abandon use of its already-purchased IVR phone-tree, (3) require Synapse to replace the IVR phone-tree with an alternative cancellation system, and (4) require Synapse to revise its advertising campaign and materials.. (Peacock Dec. ¶ 7.) *Fefferman v. Dr. Pepper Snapple Grp., Inc.*, No. 313CV00160HKSC, 2013 WL 12114486, at *4 (S.D. Cal. Mar. 12, 2013) (amount in controversy in class actions requesting injunction may be determined by cost of compliance); *Bayol v. Zipcar, Inc.*, 2015 WL 4931756, at * (N.D. Cal. Aug. 18, 2015) ("[T]he amount in controversy includes the value of injunctive relief. . . . [A] defendant's aggregate cost of compliance with an injunction is appropriately counted toward the amount in controversy.").

19. Moreover, the attorneys' fees Cruz seeks under CAFA also count toward the amount in controversy. (Compl. Prayer for Relief ¶ 4). Attorneys' fees count toward the amount in controversy when, as with CAFA, the underlying statute makes attorneys' fees available. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (court must consider attorneys' fees in determining jurisdictional threshold under CAFA); *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (same); *Fefferman*, 2013 WL 12114486, at *4 (considering attorneys' fees in determining that the amount in controversy exceeds the jurisdictional minimum under CAFA). Courts will often look to fee awards in similar cases to determine the appropriate measure of attorneys' fees when evaluating the amount in controversy for cases where injunctive relief is sought. *See, e.g.*, *Fefferman,* 2013 WL 12114486, at *4. Counsel in cases implicating California's auto-renewal law received $1.6 million in attorneys' fees in *Noll v. eBay, Inc.*, 309 F.R.D. 593, 612 (N.D. Cal. 2015), and $2.3 million in *Williamson v.*

*McAfee, Inc.*, No. 5:14-CV-00158-EJD, 2017 WL 6033070, at *2 (N.D. Cal. Feb. 3, 2017).

### **RESERVATION OF RIGHTS**

20. The defendants deny the Complaints' allegations as well as the appropriateness of class certification and file this notice without waiving any defenses or objections (or anything else that may exist in their favor) in either state or federal court.

21. The defendants reserve the right to amend or supplement this notice. If any questions arise as to the propriety of removal, the defendants request to be heard on the matter.

22. For the reasons stated above, the defendants request that the Court remove this action, Case No. 37-2018-00032240-CU-MC-CTL, now pending in Superior Court in San Diego.

Dated:   August 1, 2018        Respectfully submitted,

BAKER & HOSTETLER LLP

By:   */s/ Thomas D. Warren*

Kyle T. Cutts (257641)
kcutts@bakerlaw.com
BAKER & HOSTETLER LLP
Key Tower
127 Public Square
Suite 2000
Cleveland, OH 44114-1214
Tel: 216-621-0200
Fax: 216-696-0740

Thomas D. Warren (160921)
twarren@bakerlaw.com
BAKER & HOSTETLER LLP
11601 Wilshire Blvd.
Los Angeles, CA 90025
Tel: 310-442-8804
Fax: 310-820-8859